IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER HUMPHREY, | : | |
|     Plaintiff, | : | 1:09-cv-1689 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| "JOHN DOE OFFICER ONE," "JOHN | : | |
| DOE OFFICER TWO," "JOHN DOE | : | |
| PRISONER TRANSPORT COMPANY," | : | |
| and DAUPHIN COUNTY, | : | |
|     Defendants. | : | |

## MEMORANDUM

Pending before the Court is Defendant Dauphin County's motion to dismiss (Doc. No. 17) and three different motions by Plaintiff Walter Humphrey for leave to file amended complaints (see Doc. Nos. 22, 24, 30). The Court will grant Dauphin County's motion to dismiss and will also allow Plaintiff leave to file his fourth amended complaint.

### I. Background

Plaintiff Walter Humphrey, now a prisoner at the Federal Correctional Institution in Tucson, Arizona, filed a civil rights complaint in this Court on August 31, 2009. (Doc. No. 1.) On September 22, 2009, Plaintiff filed his first amended complaint. (Doc. No. 9.) On October 8, 2009, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed that Defendants be served with a copy of the complaint. (Doc. No. 14.)

On October 28, 2009, Dauphin County filed its motion to dismiss and brief in support. (Doc. Nos. 17, 18.) On November 23, 2009, Plaintiff filed a motion for extension of time to file a brief in opposition to the motion to dismiss. (Doc. No. 20.) That same day, the Court granted the extension in time to file an opposition brief, and ordered that Plaintiff should have until

1

December 18, 2009, to answer the motion to dismiss. (Doc. No. 21.)

On December 28, 2009,[1] Plaintiff filed a motion for leave to file a second amended complaint. (Doc. No. 22.) In it, Plaintiff averred that "the proposed Second Amended Complaint sets forth additional facts that adequately respond to the concers [sic] raised in the motion and more accurately present [sic] to the court the controversy between the parties." (Id. at 2.) On December 28, 2009, Plaintiff filed a motion for leave to file a third amended complaint. (Doc. No. 24.) In that amendment, Plaintiff sought to change the identification of Defendant "John Doe Prisoner Transport Company" to TransCor America, LLC, of Nashville, Tennessee. (Id. at 1.) On December 28, 2009, Dauphin County filed responses opposing Plaintiff's motions for leave to amend. (Doc. Nos. 26, 27.) On January 26, 2010, Plaintiff filed a motion for leave to file his fourth amended complaint. (Doc. No. 30.) In it, Plaintiff seeks to replace TransCor America, LLC, with U.S. Prisoner Transport, and to replace the unnamed officers with Officer Carlos Hilerio and Officer R. Serrano. (Id. at 1.) Plaintiff avers that this motion is made on the grounds that he was unaware of these facts until they were disclosed to him during discovery. (Id.) On January 27, 2010, Dauphin County filed a response opposing the motion for leave to amend. (Doc. No. 33.)

## II.     Standard of Review

In analyzing a complaint under Rule 12(b)(6), "courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v.

---

[1]Plaintiff's second and third amendment complaint are dated December 16, 2009, and December 17, 2009, respectively. Because the Court recognizes there can be a delay with prison mail, the Court will excuse the late filings and deem them timely.

County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). The plaintiff still must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citation omitted). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (internal quotations and citations omitted).

Additionally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Pro se litigants are to be granted leave to amend, unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Such leave is properly declined where the complaint sets forth facts which affirmatively demonstrate that the plaintiff has no right of recovery. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

The Third Circuit has outlined the analysis a district court should undergo in determining whether the pleading standard has been met:

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

3

**III.    Discussion**

The Third Circuit Court of Appeals requires that district courts allow plaintiffs in civil rights cases leave to amend their complaints prior to dismissal, unless doing so would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 252-53 (3d Cir. 2007); Alston, 363 F.3d at 235.  Therefore, the Court will examine Dauphin County's motion to dismiss in the context of Plaintiff's most recently proposed amended complaint which, in this case, is his fourth amended complaint. (See Doc. No. 32.)

**A.    Counts I–IV**

In its brief accompanying its motion to dismiss, Dauphin County argues that it cannot be held vicariously liable for Counts I through V of Plaintiff's complaint, because Plaintiff asserts claims "only against the Defendant Officers." (Doc. No. 18 at 1, 4-6.)  Specifically, Dauphin County argues that Plaintiff's complaint fails to allege that "any policies, procedures or customs were in place which caused a violation of his rights . . . ." (Id. at 6.)

In examining Plaintiff's fourth amended complaint, Plaintiff avers in Count I that "[o]n or about September 20, 2007, Defendant Dauphin County or Defendant U.S. Transport or Defendant Officers or all Defendants . . . did assume physical custody of Plaintiff from Spartanburg County Sheriff's Department in Spartanburg, South Carolina[,] for extradition to Dauphin County[,] Pennsylvania." (Doc. No. 32 ¶ 7.)  Plaintiff further avers that the Defendants "willfully or recklessly or negligently restrained Plaintiff prior to departure from Spartanburg County Jail . . . ." (Id. ¶ 8.)  In the remaining paragraphs in Count I, however, Plaintiff asserts that it was the Defendant Officers who heard and ignored his pleas that his restraints were too tight and causing pain. (Id. ¶¶ 9-12.)

4

Title 42 U.S.C. § 1983 provides a cause of action against persons who, acting under color of state law, deprive a citizen or citizens of the rights, privileges and immunities secured by the Constitution and federal law. 42 U.S.C. § 1983; see also Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). Generally, section 1983 liability cannot be predicated solely on respondeat superior. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691 (1978). In a civil rights complaint, a plaintiff must establish an individual claim for relief as to each named defendant. See Thomas v. Independence Twp., 463 F.3d 285, 298 (3d Cir. 2006) (dismissing claims where no allegations were made that defendants were personally involved in the wrongs alleged); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity.") (citations omitted). In the instant case, Plaintiff names Dauphin County in Count I, but fails to aver specific facts that implicate Dauphin County. Furthermore, to the extent that Plaintiff has asserted that Defendant Officers used excessive force in restraining him and ignoring his pleas for help, those are not claims against Dauphin County. Therefore, the Court will grant Dauphin County's motion to dismiss as to Count I.

Likewise, Counts II through IV incorporate the averments from Count I, and demand judgment against Defendant Officers. Because these counts fail to state a claim against Dauphin County, they will also be dismissed as against Dauphin County.

**B.     Count V**

In Count V, Plaintiff avers that Dauphin County and U.S. Prisoner Transport "failed to adequately train the Defendant Officers" regarding the appropriate amount of force, and that as a

5

result of this failure to train, Plaintiff was injured. (Doc. No. 32 ¶¶ 22-23.)  For a municipality or other government entity to be liable under 42 U.S.C. § 1983, a plaintiff must establish: (1) a deprivation of a constitutionally protected right; (2) resulting from a policy, practice, or custom. Monell, 436 U.S. at 691-94.  "[T]o establish liability on a failure to train claim under § 1983, plaintiffs 'must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred.'" Gilles v. Davis, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (quoting Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)).

Plaintiff has alleged the legal elements of a failure to train claim.  However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Twombly, 550 U.S. at 555.  Simply put, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.  Even construing Plaintiff's complaint liberally, the Court is unable to find any factual allegations that "do [any] more than allege the plaintiff's entitlement to relief." See Fowler, 578 F.3d at 210-11; see, e.g., Jones v. Hashagen, No. 4:09-cv-887, 2010 WL 128316, at *4 (M.D. Pa. Jan. 12, 2010) (finding that Plaintiff's conclusion that prison superintendent's "failure to take action to curb [an inmate's] pattern of assaults . . . constituted deliberate indifference" was a conclusory statement and was insufficient for the purposes of defeating a motion to dismiss).  As a result, the Court finds that Plaintiff's claim under Count V for failure to train against Dauphin County fails and must be dismissed.

**C.    Count VI**

In Count VI of his fourth amended complaint, Plaintiff claims that Dauphin County "recklessly and with deliberate indifference for the rights of individuals such as Plaintiff set forth and implemented a policy that outsources the transportation of accused individuals to private extradition companies . . . ." (Doc. No. 32 ¶ 26.) Plaintiff avers that "[a]s a direct result of . . . Dauphin County's deliberate indifference for the rights of individuals including Plaintiff, with respect to the municipality's choice to use untrained and unsupervised contract employees to enforce it's [sic] laws, the Plaintiff" was denied his constitutional rights. (Id. ¶ 27.)

As stated earlier, a government entity's § 1983 liability cannot be predicated solely on respondeat superior; instead, a plaintiff "'must identify a policy or custom of the entity that caused the constitutional violation.'" Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 193 (3d Cir. 2009) (quoting A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 580 (3d Cir. 2004). Such a policy or custom is not present where a plaintiff merely alleges that a governmental entity dispatched officers and fails to allege knowledge of any unconstitutional directives by municipal decisionmakers. See McTernan v. City of York, 564 F.3d 636, 658-59 (3d Cir. 2009) ("Because [plaintiff] does not adequately plead a custom or policy, or a link between the challenged restriction and a municipal decisionmaker, the restriction cannot 'fairly be said to represent official policy,' warranting the imposition of municipal liability.") (citations omitted).

The Court finds that Plaintiff has failed to adequately allege a policy or custom as to Count VI. Therefore, Dauphin County's motion to dismiss Count VI will be granted.

**D.  Count VII**

In Count VII of his fourth amended complaint, Plaintiff avers that Dauphin County and

U.S. Prisoner Transport conspired to deny Plaintiff of his constitutional rights and that as a result of the conspiracy, Plaintiff was injured. (Doc. No. 32 ¶¶ 30-31.)

In order to maintain an action for civil conspiracy for purposes of §1983, the Plaintiff must aver "[a] combination of two or more persons to do a . . . criminal act or to do a lawful act by unlawful means or for an unlawful purpose." Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974) (citation omitted); see also Adams v. Teamsters Local 115, 214 Fed. Appx. 167, 172 (3d Cir. 2007).[2] In order to survive a 12(b)(6) motion to dismiss, Plaintiff is not required to set forth "'detailed factual allegations.'" Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555). However, there must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Id. at 231-32 (quoting Twombly, 550 U.S. at 555, 556 n.3) (further citations omitted). Therefore, where the existence of a conspiracy is based only on legal conclusions, rather than factual allegations, a plaintiff's complaint fails to meet the pleading standard announced in Twombly and Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937 (2009).

Here, Plaintiff has done nothing more than allege the legal elements of a conspiracy.

---

[2] It appears that although Plaintiff cites 42 U.S.C. § 1983(5), (see Doc. No. 32 ¶ 30), Plaintiff may also be raising a conspiracy claim under 42 U.S.C. § 1985(3). However, like a § 1983 claim, a § 1985(3) claim requires a plaintiff to prove that "(1) defendants engaged in a conspiracy, (2) the conspiracy's purpose was to deprive, either directly or indirectly, any person or class of persons of equal protection of the laws or equal privileges and immunities under the laws, (3) defendants committed an act in furtherance of the conspiracy, and (4) defendants' actions resulted in injury to the plaintiff's person or property or a deprivation of the plaintiff's rights or privileges as a United States citizen." See Galvani v. Pennsylvania, No. 1:08-CV-0393, 2008 WL 4821748, at *4 (M.D. Pa. Nov. 4, 2008) (citing Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006)). Much like his § 1983 conspiracy claim, to the extent Plaintiff raises a § 1985(3) claim, he fails to "'raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 232 (quoting Twombly, 550 U.S. at 555).

Plaintiff does not allege the period, object, or acts taken in furtherance of the conspiracy. Therefore, the claim will be dismissed against Dauphin County.³ See Grigsby v. Kane, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) (holding that plaintiff must allege the period, object, and acts taken in furtherance of a conspiracy to defeat a motion to dismiss); Loftus v. Se. Pa. Transp. Auth., 843 F. Supp. 981, 986 n.8 (E.D. Pa. 1994) (citing Black & Yates, Inc. v. Mahogany Ass'n, Inc., 129 F.2d 227, 231 (3d Cir. 1941) ("A general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action.")).

## IV. Conclusion

For the foregoing reasons, Dauphin County's motion to dismiss will be granted. Plaintiff's motion for leave to file his fourth amendment complaint will be granted in part to allow him to add Officer Carlos Hilerio and Officer R. Serrano, who he alleges were responsible for excessive force in the use of restraints, as defendants. Fletcher-Harlee Corp., 482 F.3d at 251 (noting that "in civil rights cases district courts must offer amendment–irrespective of whether it is requested–when dismissing a case for failure to state a claim unless doing so would be inequitable or futile"). However, given this Court's analysis of Plaintiff's proposed fourth amended complaint, the claims against Dauphin County are futile and will be dismissed with prejudice. Additionally, Plaintiff's motion for leave to add U.S. Prisoner Transport as a defendant will be denied based on this Court's analysis regarding the liability of Dauphin County

---

³ Because the Court finds that Plaintiff fails to state a civil conspiracy claim against Dauphin County in his fourth amended complaint, the Court need not address Defendant's claim that it is immune from liability pursuant to the Pennsylvania Political Subdivision Tort Claims Act. (Doc. No. 18 at 2.)

and its finding that such amendment would be futile. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| WALTER HUMPHREY, | : | |
| Plaintiff, | : | 1:09-cv-1689 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DAUPHIN COUNTY and "JOHN DOE" | : | |
| PRISONER TRANSPORT COMPANY | : | |
| CONTRACTED BY DAUPHIN COUNTY | : | |
| Defendants | : | |

## ORDER

**AND NOW**, on this 20th day of April 2010, upon consideration of Defendant Dauphin County's motion to dismiss (Doc. No. 17), **IT IS HEREBY ORDERED THAT**:

1. Defendant Dauphin County's motion to dismiss (Doc. No. 17) is **GRANTED**. The claims against Dauphin County are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's motion for leave to file his fourth amended complaint (Doc. No. 30) is **GRANTED IN PART**. Plaintiff will be allowed to add Officers Carlos Hilerio and R. Serrano as defendants. Accordingly, the Clerk of Court is directed to serve Officers Carlos Hilerio and R. Serrano with a copy of the complaint.

3. Plaintiff's motions for leave to file his second and third amended complaints (Doc. Nos. 22, 24) are **DENIED AS MOOT**.

4. Plaintiff's motion to shorten time to answer interrogatories propounded on Dauphin County (Doc. No. 29) is **DENIED AS MOOT**.

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania